Weyoanut, C. J.
 

 The operative facts in this case are simple and not in dispute.
 

 The claimant was an employee of the Willys-Overland Motors, Inc., in the city of Toledo, Ohio. However, due to a neurotic condition, he obtained a leave of absence and went to Alpina, Michigan, where he was employed as a bartender from August 28,1945, to October 11, 1945. On the latter date he
 
 voluntarily
 
 quit that work and returned to Toledo where he was unable to find further employment. He then filed this claim October 22, 1945.
 

 The sole question of law here presented is whether “benefits”- may be allowed and paid to a claimant who has voluntarily quit his work without just cause.
 

 The answer to this question is found in the decisive, unambiguous language of Section 1345-6 d (121 Ohio Laws, 717), which then read in part as follows:
 

 “Notwithstanding the provisions of subsection (a) of this, section, no individual
 
 may serve a waiting period or be paid benefits
 
 for the duration of any period of unemployment with respect to which the administrator finds that such individual:
 

 
 *385
 
 “(9)
 
 voluntarily quit his work without just cause.
 
 Disqualification under this subsection shall continue for the full period of unemployment next ensuing after he has left his work voluntarily without just cause and until such individual has become re-employed and has earnings equal to at least four times his weekly benefit amount.” (Italics supplied.)
 

 Eestated and reduced to its lowest terms, the inescapable language of the General Assembly makes it clear that any individual who voluntarily quits his work without just cause shall neither serve a waiting period nor be paid benefits for that unemployment.
 

 As the minority member of the board of review pertinently observed:
 

 “The majority, by suspending benefit rights, which rights include the right to serve waiting period and the right to draw monetary benefits, concedes that claimant has nothing to presently claim on this so-called ‘valid claim’ and cannot serve a waiting period or be paid benefits until he has secured subsequent employment and has earned therein four times his weekly benefit amount and then becomes unemployed and is otherwise eligible. The claimant being under disqualification by virtue of his voluntary quit without just cause, has nothing to claim and having nothing to claim, the claim should be disallowed. ’ ’
 

 In the first paragraph of the syllabus in the somewhat analogous case of
 
 Farloo
 
 v.
 
 Champion Spark Plug Co.,
 
 145 Ohio St., 263, 61 N. E. (2d), 313, this court unanimously held:
 

 “1. Under the provisions of Section 1345-6, General Codé, no invididual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds such individual quit work voluntarily because of marital obligations. ’ ’
 

 
 *386
 
 In his opinion in that case Judge Matthias made the following pertinent comment on page 267:
 

 “However, a clear exception to the above stated general provision was made by the specific provision of part ‘d’ of Section 1345-6, General Code, as then in effect, which is in part as follows:
 

 “ ‘d. Notwithstanding the provisions of subsection (a) of this section, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual: * * *
 

 “ ‘(7) quit work voluntarily to marry or because of marital obligations.’
 

 “By amendment effective September 28, 1943 (120 Ohio Laws, 682), the word ‘voluntarily’ was eliminated from this subsection. Other amendments were made to the act, but are immaterial here.
 

 ‘ ‘ The right of the claimant to participate in this fund rests upon and must be determined by this latter section. Its language is clear and unambiguous. In express and specific terms it absolutely prohibits and precludes the payment of unemployment benefits to one who ‘quit work’ voluntarily to marry or because of marital obligations. This provision constitutes a clear exception to parts ‘b’ and ‘c’ under which unemploy- ' ment benefits are payable to one quitting his work without just cause in connection with such work.
 

 ‘ ‘ This exception seems to apply even in cases where the availability of the employee for other employment is clearly established. Under the clear and express terms of the statute a person who has so quit work cannot establish availability. * *
 
 *”
 

 Similarly in the instant case this court is of the view that the administrator, the referee, the Court of Common Pleas and the Court of Appeals were correct in holding that the claim should be disallowed, and that
 
 *387
 
 the board of review was in error in holding that the claim should be allowed and the benefits suspended.
 

 Hence, the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.
 

 Turner, J., not participating.